IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01854-MSK-KLM

In re:                                              (Bankruptcy Case No. 04-17042-SNB
FRONT RANGE PIPE & SUPPLY, INC.,                                       Chapter 7)
TIN: 84-1133596
Debtor.

_____

JEFFREY A. WEINMAN, TRUSTEE,         (Bankruptcy Adversary Proceeding
                                                 No. 07-01296-SBB)
    Plaintiff,

v.

BOJAR J. VODA, d/b/a A&A Fire Protection,

    Defendant,

and

THERESA VODA,

    Garnishee.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Garnishee's **Objections to the Recommendation of United States Magistrate Judge Kristen Mix** [Docket No. 32; Filed November 5, 2009] which District Judge Marcia S. Krieger has construed as a motion for reconsideration. [#37]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for recommendation.

    A motion for reconsideration "is an extreme remedy to be granted in rare

1

circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

This case involves a Writ of Garnishment with Notice of Exemption and Pending Levy issued by the Clerk of the Court and served on Garnishee Theresa Voda. The garnishment concerns a 2002 Subaru Legacy station wagon purchased by Defendant Bojar Voda and transferred to Theresa Voda. In the Recommendation, I noted that title to the vehicle was in Theresa Voda's name. *Recommendation* # 31 at 3. However, I found that the transfer of the vehicle from Bojar Voda to Theresa Voda was a fraudulent transfer. *Id.* at 9.

The information submitted by Garnishee in her "Objections" appears to be a title document indicating that she is the owner of the vehicle in dispute. The Court was aware of this fact when issuing the Recommendation. Therefore, the title document does not constitute new evidence and is not relevant here. Garnishee has failed to provide a basis for the Court's reconsideration of the Recommendation. Accordingly,

IT IS HEREBY **RECOMMENDED** that Garnishee's Motion [#32] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall

2

have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 1, 2010

                                                 BY THE COURT:

                                                 s/ Kristen L. Mix
                                               U.S. Magistrate Judge
                                               Kristen L. Mix