IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 07-cv-01854-MSK-KLM

In re:	(Bankruptcy Case No. 04-17042-SBB
FRONT RANGE PIPE & SUPPLY, INC.,	Chapter 7)
TIN: 84-1133596
Debtor.

_____

JEFFREY A. WEINMAN, TRUSTEE,	(Bankruptcy Adversary Proceeding
    Plaintiff,	No. 07-01296-SBB)

v.

BOJAR J. VODA, d/b/a A&A Fire Protection,
    Defendant, and

THERESA L. VODA,
    Garnishee.
_____

**OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART
OBJECTIONS, ADOPTING RECOMMENDATION, SETTING ASIDE
TRANSFER AND DIRECTING SHERIFF'S EXECUTION AGAINST PROPERTY**
_____

**THIS MATTER** comes before the Court pursuant to the Objections **(# 32)** of Garnishee Theresa Voda to the Magistrate Judge's October 26, 2009 Recommendation **(# 31)** that a judgment be granted setting aside the transfer of a vehicle from Defendant Bojar Voda to Ms. Voda and permitting the Plaintiff to execute a judgment by seizing the vehicle; and Ms. Voda's Objections **(# 41)** to the Magistrate Judge's June 1, 2010 Recommendation **(# 40)** that Ms. Voda's Motion for Reconsideration **(# 32)** be denied.

The operative facts and background are well-summarized in the Magistrate Judge's October 26, 2009 Recommendation, and to the extent necessary, are deemed incorporated herein.

1

In summary, Mr. Voda is subject to a 2007 judgment in favor of Debtor Front Range Pipe & Supply. In December 2008, Mr. Voda sold a truck that he owned, and used the proceeds to buy a Subaru wagon, which, in turn, he gave to Garnishee Mrs. Voda. The Plaintiff, as Trustee of the bankruptcy estate of Front Range seeks to set aside the conveyance of the Subaru to Mrs. Voda, and to execute upon and sell the Subaru in partial satisfaction of Front Range's judgment against Mr. Voda.

The Magistrate Judge conducted an evidentiary hearing on September 29, 2009, at which both Mr. and Mrs. Voda testified, and received post-hearing briefs on certain points of law. On October 29, 2009, the Magistrate Judge issued the instant Recommendation **(# 31)**, finding that: (i) the transfer of the Subaru to Mrs. Voda was a fraudulent conveyance that should be set aside; (ii) the Subaru was not exempt from garnishment; and (iii) the Vodas should be directed to deliver the Subaru to the United States Marshal for sale, with the full proceeds used to partially satisfy the judgment against Mr. Voda.

Mrs. Voda filed timely Objections **(# 32)** (styled as a Motion for Reconsideration) arguing, among other things: (i) that the vehicle falls within exemptions against garnishment under Colorado law; (ii) that the garnishment and sale of the vehicle will not result in any meaningful satisfaction of the judgment and would work an undue hardship on the Vodas; and (iii) that newly-discovered evidence indicates that Mrs. Voda was a joint owner of the truck that was sold, thus entitling her to one-half of the proceeds of the sale of the truck (or, arguably, the sale of the Subaru). In a text order **(# 37)** dated April 21, 2010, this Court reviewed Mrs. Voda's Objections and the Magistrate Judge's Recommendation, and concluded that although the Magistrate Judge had not committed any clear error, Mrs. Voda had come forward with what

appeared to be new evidence – the Certificate of Title for the truck, indicating her joint ownership of it – that had not been considered by the Magistrate Judge.  Thus, this Court deferred its review of the Recommendation and Mrs. Voda's Objections until "the Magistrate Judge has an opportunity to consider [Mrs. Voda's new evidence]."

On June 1, 2010, the Magistrate Juudge issued a Recommendation **(# 40)** regarding Mrs. Voda's Objections/Motion for Reconsideration/new evidence.  The operative portion of that Recommendation states "The information submitted by Garnishee in her 'Objections' appears to be a title document indicating that she is the owner of the vehicle in dispute.  The Court was aware of this fact when issuing the Recommendation.  Therefore, the title document does not constitute new evidence and is not relevant here."  Accordingly, the Magistrate Judge recommended that Mrs. Voda's Motion for Reconsideration be denied.  Mrs. Voda filed timely Objections **(# 41)** to this Recommendation, explaining that "I submitted a copy of the title of the Dodge Truck, not the vehicle in dispute (Subaru)," and reaffirms that "the truck was not solely owned by [Mr. Voda]."

The Magistrate Judge's initial October 26, 2009 Recommendation is dispositive in nature, and thus, the Court reviews *de novo* those portions of the Recommendation to which Mrs. Voda has specifically objected to.  The June 1, 2010 Recommendation, by contrast, is non-dispositive, as it concerns only whether the Court should consider the newly-proffered evidence. Rulings on non-dispositive issues by a Magistrate Judge are reviewed by this Court pursuant to Fed. R. Civ. P. 72(a), and will be reversed only if they are "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A); *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *Ariza v. U.S. West Communications*, *Inc.*, 167 F.R.D. 131, 133 (D. Colo. 1996).  Accordingly, the Plaintiff's

Objections will be overruled unless the Court finds that the Magistrate Judge abused her discretion or, if after viewing the record as a whole, the Court is left with a "definite and firm conviction that a mistake has been made." *Ariza,* 167 F.R.D. at 133, *citing Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir.1988).

In considering Mrs. Voda's filings, the Court is mindful of her *pro se* status, and accordingly, reads her pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mrs. Voda of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Vodas according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Because resolution of Mrs. Voda's Objections to the June 1, 2010 Recommendation could potentially affect the Court's consideration of the October 22, 2009 Recommendation, the Court turns to the second Recommendation first. The Court has extensively reviewed the record of proceedings from the September 29, 2009 evidentiary hearing before the Magistrate Judge. The issue of who – Mr. Voda, Mrs. Voda, or both – actually owned the truck that was eventually sold was a matter that was referenced only obliquely through most of the hearing. At one point, asked about property he owned during December 2008, Mr. Voda testified that "I just owned a truck," giving no indication that his ownership was shared. During Mrs. Voda's opening

statement, she mentioned that Mr. Voda "sold the only truck he had," again making no reference to her own ownership. Mrs. Voda's testimony referenced Mr. Voda telling her "I need to sell the truck," and the clear implication of her description of the events was that Mr. Voda effected the actual sale of the truck without her knowledge or participation.[1]

The parties squarely addressed ownership of the truck only at the very end of the hearing. Recalling Mr. Voda to the stand, the Plaintiff inquired "The truck that was sold – <u>you</u> owned the truck at that time?," to which Mr. Voda answered "yes." Mrs. Voda then cross-examined her husband, asking "[the truck] was initially in my name?," to which Mr. Voda agreed. Mrs. Voda continued, "when it came time to refinance . . . for the sake of me not going further into debt, . . . I put the paper – and the bank agreed – to put it in your name?," to which Mr. Voda again responded, "yes."

In the most technical sense, Mrs. Voda's Objections have some merit - it appears that the Certificate of Title for the truck (that she now tenders) was not offered at the hearing and was not considered by the Magistrate Judge in making a Recommendation on the merits.[2] But in a larger sense, the Magistrate Judge is correct that the issue of Ms. Voda's ownership of the truck

---

[1] Mrs. Voda did testify, at one point, that "the truck is a beat up old thing and I wanted to sell it myself," but it is clear that the actual sale of the truck by Mr. Voda was not something that Mrs. Voda participated in.

[2] The June 1, 2010 Recommendation appears to foster a belief that the Magistrate Judge misunderstood which vehicle Mrs. Voda's Objections referred to. The Recommendation states that "In the [prior] Recommendation, I noted that title to the vehicle was in Theresa Voda's name. *Recommendation* # 31 at 3. However, I found that the transfer of the vehicle from Bojar Voda to Theresa Voda was a fraudulent transfer." The cited portion of the October 22 Recommendation makes no mention of Mrs. Voda having an interest in the <u>truck</u> that Mr. Voda sold, but does mention that "The <u>Subaru</u> wagon is titled in Ms. Voda's name. . . ." Thus, it appears that the Magistrate Judge may have mistakenly believed that the Certificate of Title tendered with Mrs. Voda's objections realted to the Subaru, not the truck.

was an issue that was conclusively addressed by the parties during the hearing. Indeed, Mrs. Voda herself posited the question that explained that her ownership interest in the truck was purposefully extinguished by the Vodas during a refinancing of the vehicle at an unspecified time. In that regard, Mrs. Voda's post-hearing tender of the Certificate of Title is troubling. The representations made by Mrs. Voda in the Objections accompanying the tender of the Certificate of Title – that "I [Mrs. Voda] was the named co-owner on the title and registration . . . the truck was financed in may name also" – is inconsistent with a representation that Mrs. Voda made at the hearing – that her ownership interest in the vehicle was extinguished during the refinancing. Indeed, Mrs. Voda's Objections make no mention whatsoever of the refinancing referenced during the hearing, or to the decision to remove Mrs. Voda's name from the title.

Ultimately, there is no need to determine whether the Magistrate Judge erred, as contended by Ms. Voda, or not. Were there any error, the Court would simply consider the Certificate of Title in conducting its required *de novo* review of the October 22 Recommendation. In doing so, the Court reaches the same conclusion as the Magistrate Judge did in the June 1 Recommendation – that the Certificate of Title does not warrant a different outcome.

The Court reaches this conclusion for a number of reasons. Most importantly, the Certificate of Title does not refute the facts elicited at the hearing. All the Certificate of Title establishes is that at <u>some point</u>, Mrs. Voda had an ownership interest in the truck – a fact that was already adduced at the hearing. The Certificate of Title does not indicate when Mrs. Voda's ownership interest was extinguished – indeed it does not reflect the extinguishment of Mrs. Voda's interest at all – but the record from the hearing establishes that that interest was indeed

6

extinguished prior to Mr. Voda's sale of the truck. Thus, the Certificate of Title does not add anything new to the factual record. For this reason, Mrs. Voda's Objections to the June 1 Recommendation are overruled.

The Court then turns to Mrs. Voda's Objections to the October 22 Recommendation. As the Court's April 21, 2010 text order explained, the Court has already reviewed Mrs. Voda's other Objections to that Recommendation and finds no error in the Magistrate Judge's factual or legal conclusions. The bulk of Mrs. Voda's Objections, to the extent not addressed above, raise philosophical or practical objections to the relief requested, but do not assert any factual or legal error on the part of the Magistrate Judge.

The only specific legal objection that Mrs. Voda raises is a reassertion of her contention that she and Mr. Voda are entitled to claim an exemption of $5,000 or more of the Subaru's value pursuant to C.R.S. § 13-54-102(1)(j)(1) and (11)(A). Assuming, without necessarily finding, that simply reasserting this contention is sufficiently specific to preserve the issue for review by this Court, *but see United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir.1996), the Court finds this contention to be without merit. In addition to the Magistrate Judge's analysis of this issue, which the Court finds to be sound, the conclusion that a party cannot claim an exemption in an asset acquired with non-exempt proceeds finds support in commentaries on Colorado law. *See* Krendl, *et al.*, 1C <u>Colorado Practice, Methods of Practice</u> (5th Ed.), § 52.32 (West Pub.) ("Conversion of nonexempt property into exempt property may, depending on the circumstances, cause the court to deny the claimed exemption. The general rule for the conversion of nonexempt property into exempt property appears to be that pigs get fat and hogs get slaughtered. For instance, 'badges of fraud,' such as a person's purchase of an

7

exempt life insurance policy one week before bankruptcy using the last nonexempt assets while insolvent and owning two other insurance policies, indicate that the purchase was intended to defraud creditors"). The "badges of fraud" referenced by the commentator appear to be the same considerations underlying the doctrine of fraudulent conveyances. *See e.g. In re Ludwig*, 345 B.R. 310, 320 (Bankr. D. Colo. 2006) (finding "badges of fraud" where exempt asset was, among other things, acquired by insolvent debtor with non-exempt proceeds). Because the Magistrate Judge properly found that the Voda's conversion of the (non-exempt) proceeds from the sale of the truck were converted to an arguably exempt asset – the Subaru – in circumstances warranting a conclusion that the conveyance is avoidable as a fraudulent conveyance, the Vodas are not entitled to claim an exemption in the Subaru under C.R.S. § 13-54-102.

Accordingly, the Court **OVERRULES** Mrs. Voda's Objections **(# 32, 41)**, and **ADOPTS** the Recommendations **(# 31, 40)**. To the extent that Mrs. Voda's Objections **(# 32)** are construed as a Motion for Reconsideration, that motion is **DENIED**. A judgment of garnishment in favor of the Plaintiff and against Mr. and Mrs. Voda will enter contemporaneously with this Order. Within 21 days of the date of this Order, the Vodas shall deliver the Subaru wagon, VIN

4S3BH806X27609045, to the United States Marshal, who shall promptly sell the vehicle and tender the proceeds, less recoverable expenses, to the Plaintiff.

Dated this 19th day of July, 2010

                                **BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge